Filed 3/15/24  P. v. Castellanos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098489 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF06109) |
| v. | |
| RUDY CASTELLANOS, JR., | |
| Defendant and Appellant. | |

After defendant Rudy Castellanos, Jr., pled guilty to transporting controlled substances for sale, the trial court sentenced him to the middle term and imposed a fine and two fees.  Defendant contends the court (1) abused its discretion by not imposing the lower term and (2) erred in imposing the fine and fees for various reasons.  We find no merit in defendant's first contention but agree with his second under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  We order a limited remand for the trial court to ascertain defendant's ability to pay the fine and fees.  Statutory citations are to the Penal Code unless otherwise indicated.

1

FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop, an officer found two small plastic bags of methamphetamine in defendant's possession. The officer later recovered a separate plastic bag of methamphetamine that defendant had earlier thrown out of his car window. Defendant pled guilty to transporting methamphetamine for sale (Health & Saf. Code, § 11379, subds. (a) & (c)) in exchange for a four-year maximum sentence and dismissal of other charges and allegations. He stipulated that the court could find aggravating factors based on the probation report, that the court could sentence him to the lower, middle or upper term, and that he could submit evidence of mitigating factors.

According to the probation report filed in April 2023, defendant is 45 years old, participated in trauma counseling from ages 5 to 11 due to witnessing domestic abuse in his home, has used methamphetamine every day since age 12, considers himself addicted to methamphetamine, was willing to seek addiction treatment if granted probation, and is remorseful for his actions. He also has no income, is in poor health, and has been unemployed for the last five years due to body aches.

The report cited one factor in mitigation (defendant voluntarily acknowledged wrongdoing before arrest or at an early stage in the criminal process; Cal. Rules of Court, rule 4.423(b)(8)) and three factors in aggravation (defendant has six prior felony convictions, defendant has served a prior prison term, and defendant's prior performance on probation was unsatisfactory; Cal. Rules of Court, rule 4.421(b)(2), (3), (5)). The probation officer recommended the middle term.

At the sentencing hearing, the court expressed its intent to impose the "middle term with county prison with [731 days on] mandatory supervision." Defense counsel then argued that the probation report supported an additional mitigating factor, namely, that defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime (Cal. Rules of Court, rule 4.423(b)(2)) based on the trauma defendant experienced from ages 5 to 11. Defense counsel then referred to

2

section 1170, subdivision (b)(6) and the lower term presumption "if the person experienced that type of childhood trauma."

The court asked defense counsel to clarify how "abuse from the age of five to 11 would cause [his] client to sell methamphetamine at the age of 45." In response, counsel requested additional time to obtain a professional opinion or that the issue be sent back to probation for analysis. He also argued that defendant began using substances at a young age to numb the pain from the abuse and that "when you are abused at that early of an age, your emotional growth pattern takes time and develops differently" than others.

The court found section 1170, subdivision (b)(6) inapplicable because it was not "provided with any information to substantiate a nexus between" the crime and the abuse he experienced from ages 5 to 11. And the court determined that the upper term was inappropriate because the aggravating circumstances did not outweigh those in mitigation. Those aggravating factors, according to the court, included defendant engaging in conduct indicating a serious danger to society. (See Cal. Rules of Court, rule 4.421(b)(1).) The court sentenced defendant to the middle term of three years in "county prison" with the final 731 days to be served under mandatory supervision. The court also ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment fee (§ 1465.8, subd. (a)), and a $30 conviction assessment fee (Gov. Code, § 70373, subd. (a)) ("the fine and fees").

Defendant timely appeals and challenges the middle term sentence and the fine and fees. We address each challenge separately.

DISCUSSION

I

Middle Term Sentence

To start, we reject the People's contention that a certificate of probable cause is required for us to address defendant's sentencing claim. (See § 1237.5.) Defendant's challenge is to " 'the exercise of individualized sentencing discretion within an agreed

3

maximum sentence,' " and "does 'not constitute an attack on the validity of the plea, for which a certificate is necessary.' " (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 199.)

We nevertheless reject defendant's sentencing claim on the merits. Defendant contends the court abused its discretion by refusing to impose the lower term under section 1170, subdivision (b). As amended by Chapter 731 of the Statutes of 2021, that provision prohibits the court from exceeding the middle term of a sentencing triad in the absence of aggravating circumstances, as specified. And a presumption in favor of the lower term applies when the defendant's "psychological, physical, or childhood trauma" was a contributing factor in the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6)(A).)

The critical inquiry here is whether defendant's psychological, physical, or childhood trauma was a *contributing factor* in the commission of his offense. Although the probation report and defense counsel's arguments were sufficient to raise the issue (See *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 994), the trial court found the requisite connection lacking. The trial's court determination on this point is "a quintessential factfinding process" subject to review for substantial evidence. (*People v. Oneal* (2021) 64 Cal.App.5th 581, 589.) In conducting that review, we do not reweigh the evidence: it is the exclusive function of the trier of fact to draw reasonable inferences from the evidence. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1086; *People v. Whitmore* (2022) 80 Cal.App.5th 116, 129.) We also view the evidence in the light most favorable to the People and presume the existence of every fact the trier of fact could reasonably deduce from the evidence. (*People v. Jones* (1990) 51 Cal.3d 294, 314.) "If there is more than one inference which may reasonably be drawn from the evidence, we accept the inference which supports the [trier of fact's finding]." (*People v. Davis* (2005) 126 Cal.App.4th 1416, 1437.)

Although the probation report indicated defendant experienced childhood trauma and has regularly used methamphetamine since age 12, defendant offered no evidence linking the childhood trauma to his crime. On appeal, defendant does not contend that the trial court erred by rejecting his counsel's request for additional time to obtain a professional opinion or other analysis.[1] Instead, defendant relies on defense counsel's *argument* at sentencing that defendant turned to controlled substances as a child to cope with the trauma and that the trauma therefore contributed to defendant selling methamphetamine decades later. A reasonable trier of fact could find this argument insufficient to create the requisite connection without supporting evidence. Thus, we affirm the trial court's conclusion that the lower term presumption did not apply, and we need not address defendant's secondary argument that the court considered an unsupported aggravating factor in determining whether to apply that presumption.

## II

## Fine and Fees

Defendant contends the trial court violated his constitutional rights by imposing the fine and fees without holding a hearing to determine his ability to pay them. We agree under *Dueñas, supra,* 30 Cal.App.5th 1157.[2]

Although defendant did not raise this issue in the trial court, we exercise our discretion to resolve the issue for two reasons: (1) to forestall unnecessary ineffective assistance of counsel claims and (2) in the interests of fairness given the probation report's clear statement that "defendant is not employed . . . [,] not able bodied" and

---

[1] We reject defendant's attempt to raise this concern in his reply brief. "We do not consider arguments offered for the first time on reply." (*People v. Marrero* (2021) 60 Cal.App.5th 896, 911, fn. 2.)

[2] Because we agree remand is required under *Dueñas*, we do not address defendant's contention that imposition of the fine without an ability to pay hearing violates the Eighth Amendment to the United States Constitution or equal protection.

"may not be able to comply with any financial conditions imposed by the [c]ourt." (See *People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.)

Under *Dueñas*, fines, fees, and assessments cannot be imposed on an indigent defendant, and must be stayed in the case of a mandatory restitution fine under section 1202.4, unless there is a determination that the defendant has the ability to pay them. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1168-1169, 1172.) Although various issues presented by *Dueñas* are pending review in the California Supreme Court (see *People v. Kopp* (2019) 38 Cal.App.5th 47, 94-98, review granted Nov. 13, 2019, S257844), the People do not argue that *Dueñas* was incorrectly decided as to non-punitive fees like the fees imposed on defendant. In fact, the People submit that they "do not seek to uphold the imposition of these assessments on those who have no ability to pay." (See *People v. Taylor* (2019) 43 Cal.App.5th 390, 398-399 (*Taylor*) [applying *Dueñas* where no party argued *Dueñas* was wrongly decided].) As to punitive fines, we reject the People's view questioning the *Dueñas* due process analysis of a minimum restitution fine like the fine imposed here. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1172; *People v. Belloso* (2019) 42 Cal.App.5th 647, 654-662, review granted Mar. 11, 2020, S259755; but see *Kopp* at pp. 96-97 [rejecting *Dueñas* due process analysis in favor of analysis under excessive fines clause of the Eighth Amendment to the United States Constitution].) We conclude that the trial court committed *Dueñas* error by imposing the fine and fees without ascertaining defendant's ability to pay them.

Because *Dueñas* error is of constitutional magnitude, "we inquire whether the failure to conduct an ability to pay hearing was harmless beyond a reasonable doubt." (*Taylor, supra*, 43 Cal.App.5th at p. 401.) We find *Dueñas* error harmless if "the record demonstrates, beyond a reasonable doubt, that the defendant cannot establish his or her inability to pay." (*Ibid*.) The record here does the opposite: the trial court relied solely on the probation report and that report stated that defendant is in poor health and has been unemployed for five years as a result. That report also undercuts the People's position

6

that defendant will be able to work and earn wages in prison. We cannot find harmless error in these circumstances.

Thus, we remand for a hearing on defendant's ability to pay the fine and fees. Given the evidence of defendant's financial status in the probation report, the People will bear the burden of proving defendant's ability to pay the fine and fees. (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 489-490 [*Dueñas* does not support conclusion that People bear burden of proving ability to pay in the absence of evidence in the record of defendant's inability to pay].)

## DISPOSITION

The order imposing the restitution fine (§ 1202.4, subd. (b)), the court operations assessment fee (§ 1465.8, subd. (a)), and the conviction assessment fee (Gov. Code, § 70373, subd. (a)) is vacated, and the matter is remanded for a hearing on defendant's ability to pay the fine and fees. In all other respects, the judgment is affirmed.

/s/
MESIWALA, J.

I concur:

/s/
ROBIE, J.

EARL, P. J.

I must respectfully dissent to Part II of the draft opinion for the following reasons:

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant Rudy Castellanos, Jr., argues the $300 restitution fine must be stayed pending an ability to pay hearing, otherwise it violates the prohibition against excessive fines and violates equal protection. He asserts ineffective assistance of counsel if we find he forfeited this argument.

I would conclude that defendant forfeited his challenge to the restitution fine because the sentencing hearing was held over four years after *Dueñas* was decided; there was thus authority for requesting an ability to pay hearing at the time of the sentencing hearing, and defendant failed to do so. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489; *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.

1

All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*)

Defendant points to nothing in the record as to why defense counsel failed to object to the imposition of the restitution fine, and it thus does not appear that the record affirmatively discloses that counsel had no tactical purpose for doing so.  " '[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected.  [Citations.]  . . . [I]t is inappropriate for an appellate court to speculate as to the existence or nonexistence of a tactical basis for a defense attorney's course of conduct when the record on appeal does not illuminate the basis for the attorney's challenged acts or omissions . . . ." (*People v. Wilson* (1992) 3 Cal.4th 926, 936, citing *People v. Pope* (1979) 23 Cal. 3d 412, 426.)  Thus, I would also deny defendant's claim of effective assistance of counsel and affirm the judgment in its entirety.


/s/_____
EARL, P. J.